UNITED STATES DISTRICT COURT
*for the*
DISTRICT OF SOUTH CAROLINA
SECOND DIVISION

| | |
|---|---|
| Mark W. Taylor, Derivatively on Behalf of Nominal Defendant Apex FW Manager, LLC<br><br>*Plaintiffs*<br><br>vs.<br><br>Apex Forth Worth Partners, LLC<br><br>*Defendant*<br><br>and<br><br>Apex FW Manager, LLC<br><br>Nominal Defendant | Case No.: 2:24-cv-04776-RMG-MHC<br><br>DERIVATIVE COMPLAINT |

**INTRODUCTION**

Mark W. Taylor brings this shareholder derivative action on behalf of the Nominal Defendant, Apex FW Manager, LLC (collectively "**Plaintiffs**") arising out of actions involving the negligent transfer (by FedWire) of $95,586.26 from the accounts of Apex Fort Worth Partners, LLC ("**Defendant AFWP**") to an unnamed perpetrator of fraud on or about May 9, 2023. This negligent transfer depleted a substantial amount of cash from the accounts of **Defendant AFWP**, resulting in a loss to the **Plaintiffs**.

1

# COMPLAINT FOR A CIVIL CASE

I.  **Parties to this Complaint**

A.   Plaintiff, Mark W. Taylor, is a resident of South Carolina and prior to May 9, 2023 and continuously since that time has been a shareholder of Nominal Defendant, and a related party with a financial stake in **Defendant AFWP**.

B.   **Defendant AFWP** is organized under the laws of Nevada and is the owner of real property in the state of Texas. Defendant AFWP is located at 2831 St Rose Pkwy, Henderson, NV, 89052 and may be served there, pursuant to the applicable long-arm statute. (*S.C. Code Ann. § 36-2-803*.)

C.   Nominal Defendant is organized under the laws of the State of Nevada, is located at 2831 St Rose Pkwy, Henderson, NV, 89052 and may be served there pursuant to the applicable long-arm statute. (*S.C. Code Ann. § 36-2-803*.)

II. **Basis for Jurisdiction**

A.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

B.   This Court has jurisdiction over each Defendant named herein because each Defendant is either a corporation that conducts business in and maintains operations in this District or is an individual who has sufficient minimum contact with this District so as to render the exercise of jurisdiction by this Court

permissible under traditional notions of fair play and substantial justice. Further, based on statements of the Defendants, and the good faith belief of the Plaintiff's counsel, the Defendants have agreed to submit themselves to the jurisdiction of this Court and will confirm such fact at the appropriate time.

   C.  Venue is proper in this Court pursuant to Defendant's representation to the Plaintiff's counsel that each Defendant would submit itself to the venue of this Court.

### III. Background Narrative

On May 9, 2023 Apex Fort Worth Partners, LLC was defrauded of $95,586.26 (the "Stolen Funds"). Apex Forth Worth Partners, LLC owns real property that is subject to a mortgage wherein Berkadia Commercial Mortgage LLC ("Berkadia") is the mortgagee.

On May 5, 2023 an employee for a loan servicer sent members of Nominal Defendant (which is the manager of Defendant AFWP) an email which indicated that this employee would send a revised mortgage statement on Monday, May 8, 2023. On the appointed date, an email was received by two members of Nominal Defendant, which was purportedly sent by Berkadia. In addition to providing the mortgage statement (with the payment balance due) this e-mail indicated that a new bank account for Berkadia had been established at Truist Bank and directed the

Defendants to make payment accordingly. This e-mail has been determined to have been fraudulent and is hereinafter referred to as the "Fraudulent E-mail."

Normal banking protocols (and the Defendant's own protocols) require a two-step authentication of any banking information prior to sending wire transfers. One of these authentication protocols is for the sender of the wire (in this case the Defendants) to place a phone call to the banking officer to make verbal confirmation of the wire instructions.

The Defendants violated this protocol by not making any such phone call and relying solely on the Fraudulent E-mail received by the Defendants. The Defendants wired the Stolen Amount to a thief.

Upon review of the e-mail the Defendants also failed to note that the Fraudulent E-mail was not from the employee of the servicer. The e-mail account which was customarily used to send information to the Defendants was abby.bach@berkadia.com. The Fraudulent E-mail was actually abby.bach@berkadai.com which is admittedly similar to the customary e-mail but is clearly different. The Defendants were negligent in not recognizing this Fraudulent E-mail and as a direct and proximate cause of this negligence the Plaintiffs have suffered financial loss.

## IV.  Derivative and Demand Futility Allegations

A. Plaintiff brings this action derivatively in the right and for the benefit of Defendants to redress injuries suffered, and to be suffered, by Defendants as a direct result of the negligence of the Defendants.

B. Plaintiff is a Shareholder of Defendant at all times relevant herein, obtaining shares before the negligence occurred and continuously owning such shares through the present time.

C. Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights.

D. Defendant Apex FW Manager, LLC is named as a nominal defendant in this case solely in a derivative capacity. Prosecution of this action, independent of the current Board of Directors/Board of Managers, is in the best interests of the Company.

E. The wrongful acts of the Defendants have caused harm and financial loss and unless such harm is remedied have devalued the Defendant company.

F. As a result of the facts set forth herein, Plaintiff has not made any demand on the Defendants to institute this action since demand would be a futile and useless act because the Defendants are incapable of making an independent and disinterested decision to institute and vigorously prosecute this their own negligence.

The wrongful acts complained of herein show multiple breaches of protocols by the Defendants, including their fiduciary duties of due care.

G.	The loss of a substantial amount of money due to the negligent acts of the officers, managers and directors of the company is a violation of the standards of care found in SC Code of Laws Annotated §33-8-300 *et. seq.* and § 33-8-410 and 33-8-420.

## COUNT ONE

**(Negligence by failing to follow protocols)**

1.

Defendants owed a duty to the Plaintiffs by reason of the common law of South Carolina (and Nevada) and in conformity with SC Code of Laws Annotated §33-8-300 *et. seq.* and § 33-8-410 and 33-8-420.

2.

Defendants beached this duty by failing to observe normal and reasonable company protocols in the verification of recipients of wire transfers which require the placing of a phone call to the recipient of such wire transfer to verify the proper wire coordinates.

3.

Defendants failed to recognize the fraudulent nature of the Fraudulent E-mail which is a breach of the duty owed the Plaintiffs in the management of company funds.

4.

The breach of this duty was the proximate and direct cause of the Plaintiff suffering the loss of over $95,000.00.

## COUNT TWO

**(Negligence in the violation of the Standard of Care to shareholders)**

5.

Plaintiff restates and alleges paragraphs 1 – 4, as if stated herein.

6.

Defendants owed the Plaintiffs a duty pursuant to common law of South Carolina (and Nevada) and in conformity with SC Code of Laws Annotated §33-8-300 et. seq. and § 33-8-410 and 33-8-420 to conform to the applicable standards of conduct.

7.

Defendants breached this duty by failing to identify the Fraudulent E-mail as a fraudulent document and relied on this document to wire funds to a party who took the funds for their own use.

8.

The Breach of this duty in Paragraph 7above is the direct and proximate cause of the Defendant's loss.

## Reservation

Plaintiff believes that during discovery, Plaintiff will learn of additional facts and circumstances which give rise to claims against additional defendants who were complicit or negligent in the loss of Plaintiff's money. To the extent that any such future claim arises out of the common nucleus of facts in this case, Plaintiff reserves the right to amend and extend this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against all Defendants jointly and severally:

1. That summons and process be issued requiring these Defendants to appear as provided by law to answer the allegations of this Complaint.
2. That Plaintiff recovers from the Defendants actual damages in an amount to be shown at trial in excess of $95,000.00.
3. That Plaintiff be awarded attorney's fees to the fullest extent of the Law.

4. That the Plaintiff be entitled to recover all of its out of pocket expenses in connection with this Cause of Action

5. That Plaintiff has all such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 3rd day of September, 2024,

_____

Mark W. Taylor
Fed ID # 12387
1200 Innovation Way, Suite 300
Mount Pleasant, SC 29466
843-437-8497

Attorney for Plaintiff